UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE AUTODESK, INC., SHAREHOLDER DERIVATIVE LITIGATION
_____/

No. C-06-7185 PJH

**ORDER DISMISSING ACTION WITH PREJUDICE**

The court dismissed the first amended complaint ("FAC") in the above-entitled shareholder derivative action on December 15, 2008, for failure to allege demand futility as required by Federal Rule of Civil Procedure 23.1. The dismissal was with leave to amend. The due date for filing the second amended complaint was January 23, 2009.

On January 14, 2009, plaintiffs James Giles and Nancy Peach filed a notice of appeal, notwithstanding the fact that the order dismissing the FAC was not a final appealable order. See WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1135-36 (9th Cir. 1997).

On January 16, 2009, plaintiff Nancy Peach filed two motions. The first was a motion noticed for hearing on February 25, 2009, seeking an order staying proceedings pending completion of a books and records inspection of Autodesk, Inc., pursuant to § 220 of the Delaware General Corporations Law. Plaintiff stated that she intended to pursue the § 220 request to obtain documents that "will reveal that the internal investigation conducted by the Audit Committee into the backdating of stock option grants was inadequate."

The second motion was an administrative motion for an extension of time to file the second amended complaint, or, in the alternative, a motion for an order dismissing the case without prejudice. Plaintiff's counsel explained in a declaration that the alternative motion was for an order "dismissing the action without prejudice and without leave to amend in order to permit an appeal."

On January 23, 2009, the court granted an extension of time to file the second amended complaint, but only to February 6, 2009. The court denied the motion for dismissal without prejudice, and stated that if no amended complaint was filed by February 6, 2009, the case would be dismissed with prejudice. The court added that in the alternative, plaintiff could waive amendment, rest on the FAC, and request dismissal with prejudice. The court also denied the motion for a stay that had been noticed for February 25, 2009.

On February 2, 2009, plaintiff filed a notice of intent not to file an amended complaint, and a request for clarification. She stated that in making her request for dismissal without prejudice, she "intended to preserve her right to make a demand on the Defendant Directors." She requested clarification "as to whether the [c]ourt intends dismissal with prejudice to preclude a subsequent derivative action on the merits, or whether the court intends to dismiss with prejudice the Rule 23.1 issues resolved in the [December 15, 2008] Order Granting Motion to Dismiss, but without any res judicata effect on the merits of the claims."

It is unclear exactly what plaintiff wants. She has indicated an intention, variously, to make a request for a § 220 inspection, to make a Rule 23.1 pre-filing demand on Autodesk's board, and to appeal the dismissal of the present action (once it is dismissed). In any event, the court finds that the action must be dismissed with prejudice, as leave to amend was granted, and plaintiff opted not to amend but rather to stand on the FAC. The court notes, however, that the prior dismissal was not a ruling on the merits of the substantive claims, but rather simply a dismissal based on plaintiffs' failure to allege with particularity that a demand on Autodesk's board would have been futile.

**IT IS SO ORDERED.**

Dated: February 10, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge